3:16CV413-RNC

AO 241
(Rev. 01/15)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: New Haven | |
|---|---|---|
| Name (under which you were convicted): Ricardo Pagan | | Docket or Case No.: CR00-487995 |
| Place of Confinement: Whiting Forensic DIVISIon-Connecticut Valley Hospital 70 O'Brien Drive Middletown, Conn 06457 | Prisoner No.: | |
| Petitioner (include the name under which you were convicted) Ricardo Pagan | Respondent (authorized person having custody of petitioner) v.   State of Connecticut | |
| The Attorney General of the State of: | | |

PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Judicial District of New Haven
    235 Church Street
    New Haven, CT 06510

    (b) Criminal docket or case number (if you know): CR00-487995

2.  (a) Date of the judgment of conviction (if you know): 2001

    (b) Date of sentencing: 2001

3.  Length of sentence: 0 to 40 Years

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: The Petitioner pleaded and was found on February 6, 2001 Not guilty by reason of lack of capacity due to mental disease or defect, to the following charges: Two counts of sexual assault in the First degree, two counts of sexual assault in the third degree, Two counts of sexual assault in the fourth degree and four counts of risk of injury.

6.  (a) What was your plea? (Check one)

    ☐ (1) Not guilty    ☐ (3) Nolo contendere (no contest)

    ☐ (2) Guilty        ☒ (4) Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? The petitioner pleaded not guilty by reason of lack of capacity due to mental disease or defect to all charges that were brought against him.

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☒ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.   Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: Judicial District of Middlesex County

(b) Docket or case number (if you know):

(c) Result: Habeas Petition denied

(d) Date of result (if you know): June 6, 2014

(e) Citation to the case (if you know):

(f) Grounds raised: 1. The Petitioner was deprived of the right of effective assistance of counsel due to his Attorney's deficient performance. 2. The Petitioner's right to due process was violated because he did not knowingly, intelligently, or voluntarily enter his plea.

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: Appellate Court of the State of Connecticut

(2) Docket or case number (if you know): A.C. 37020

(3) Result: Petition Denied

(4) Date of result (if you know): On or about November 18, 2014

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know): *AC 37020*

(6) Grounds raised: *1. The Superior Court erred in failing to find that the Petitioner was deprived of effective assistance of counsel because of his attorney's deficient performance.*
*2. Superior Court erred in failing to find that petitioner's due process rights were violated because he did not knowingly, intelligently and voluntarily enter his plea.*

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: *Supreme Court of the State of Connecticut*

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: *An appeal from the finding of the Appeals Court*

(5) Grounds raised: *The Supreme Court did not grant Certification.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: *The Connecticut Supreme Court did not grant Certification*

(8) Date of result (if you know): *On or around December 9, 2015*

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes    ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

AO 241
(Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes      ❑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      ❑ Yes      ❑ No

(2) Second petition:      ❑ Yes      ❑ No

(3) Third petition:      ❑ Yes      ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** The Petitioner was deprived of the right to effective assistance of Counsel due to his attorney's deficient Performance

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please See attached Sheet Ricardo Pagan Appeal to U.S. Federal Page 6, Ground I, Question 12 (a)

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

1

Ricardo Pagan
Appeal to U.S. Federal Court
Page 6
Ground I
Question 12 (a)

Petitioner Ricardo Pagan (herein Petitioner) provide the following facts in support of Ground I of this
appeal to U.S. Federal Court.

1. **Petitioner's attorney had very little interaction with him pre trial**
   The Petitioner provides that his attorney Mary Haselkamp (herein Attorney) never visited him in
jail or in the Correctional Facility where he was placed before trial. She merely visited him downstairs at
the court house usually for a half an hour to an hour at a time. During these brief visits Petitioner avers
that Attorney went over the police report briefly and did not explain what the crimes were that I was
charged with were about.

2. **There were issues regarding the legality of the Petitioner's confession to the police.**
   The Petitioner avers that he was unable to review the statement he gave to the police because
he has trouble reading and writing. The Petitioner provides that he told Attorney, at least 5 or 6 times,
that at the time he confessed to the crime charged he was high on embalming fluid, ecstasy and alcohol.
Petitioner avers that because he was intoxicated at the time he confessed to the crimes he was charged
his confession was not legal. Petitioner claims that because of the illegality of the confession that
Attorney should have made a motion to suppress the confession. Petitioner maintains that Attorney
never discussed the possibility of suppressing the confession. Petitioner provides that he never asked
Attorney if she could get rid of the statement because of his lack of knowledge of the law in general and
specifically to the laws governing the admissibility and exclusion of confessions.

3. **Attorney never discussed the possibility of a plea agreement**
   Petitioner avers that Attorney never brought up the possibility of a plea agreement. He had to
ask her himself to see what kind of plea bargain the state's attorney may offer. Petitioner provides that
when he met Attorney at the superior court he asked her if she could arrange for him to receive a plea
bargain offer. At this point Attorney went into the courtroom and briefly spoke to the state's attorney.
Petitioner provides that approximately two minutes later Attorney came back with an offer of 25 years
in prison and 30 years on probation. The Petitioner refused this offer. Because of his lack of knowledge
of the law at this point in time Petitioner did not realize that Attorney could attempt to negotiate a
better deal. Attorney never offered to go back and try to negotiate a better deal with state's attorney on
behalf of the Petitioner.

4. **Attorney pressured Petitioner to use the insanity defense**
   The Petitioner felt that Attorney was unduly pressuring him to use the insanity defense which
would lead to his being placed at the Whiting Forensic Division of Connecticut Valley Hospital (herein
Whiting). The Petitioner told Attorney that he did not want to go to Whiting and that he wanted to go to
trial. Petitioner claims that Attorney continued to pressure him to use the insanity defense. She
informed the Petitioner that if he went to trial and was convicted he could receive a sentence of up to
70 years in jail. Petitioner claims that Attorney never told him that if he went to trial that she could file a
motion to suppress the statement he made to the police because he was under the influence of drugs
and embalming fluid which thus made his statement inadmissible.  Petitioner also avers that Attorney
told him that that since there was only one person who witnessed the incident, that if the state's

2

attorney did not  have the statement, it have been the witnesses' word against the Petitioner's and thus put Petitioner in a better position to make a more favorable plea deal.

AO 241
(Rev. 01/15)

(c)   **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Ha beas Petition

Name and location of the court where the motion or petition was filed:   Judicial District of.
Middlesex County one Court Street
Middletown, CT 06457-3374

Docket or case number (if you know):   MMX CV09 4010322

Date of the court's decision:   June 6, 2014

Result (attach a copy of the court's opinion or order, if available):   Habeas Petition
denied

    (3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Appellate Court of the State of
Connecticut 231 Capital Avenue Hartford, CT 06106

Docket or case number (if you know):   AC 37020

Date of the court's decision:   October 6, 2015

Result (attach a copy of the court's opinion or order, if available):   Court affirmed decision
of the Judicial Court of Middlesex County (courts opinion
attached)

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Petitioner's right to due process was violated because he did not Knowingly, intelligently or voluntarily enter his plea.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please See attached Sheet Ricardo Pagan Appeal to U.S. Federal Court Page 8 Ground II Question 12(a)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Habeas Petition

Name and location of the court where the motion or petition was filed:   Judicial District of Middlesex County One Court Street Middletown, CT 06457-3374

Docket or case number (if you know):   MMX CV09 4010322

Date of the court's decision:   June 6, 2014

1

Ricardo Pagan
Appeal to U.S. Federal Court
Page 8
Ground II
Question 12 (a)

Petitioner Ricardo Pagan (herein Petitioner) provide the following facts in support of Ground II of this appeal to U.S. Federal Court.

1. **Attorney did not explain difference in charges**
   Petitioner avers that Attorney did not explain to him the difference between Sexual Assault 1st degree, Sexual Assault 2nd degree, Sexual Assault 3rd Degree and Assault 4th degree. Petitioner avers that Attorney did not explain what each crime consisted of and how each crime differed from the others. Petitioner avers that he told attorney at least 3 or 4 times that he never penetrated the victim and that he should have been charged with the lesser of the 4 charges.

2. **The Petitioner was pressured to agree to use the insanity defense**
   The Petitioner did not want to plead guilty by reason of mental disease or defect because he did not believe that he was suffering from a mental illness. He wanted to go to trial or in the alternative obtain a better plea agreement than the one initially offered by the state's attorney. Petitioner continues to bring to Attorney Haselkamp' s (herein Attorney) attention that he was intoxicated on alcohol, drugs, and embalming fluid at the time he made his statement to the police and that further the police pressured him into making the statement.
   Despite his desire to go trial, Petitioner finally succumbed to the Attorney's pressure and agreed to use the insanity defense, even though he felt at the time that he was doing this voluntarily.

3. **Attorney did not provide all the information needed regarding a plea of not guilty by reason of mental disease or defect**
   Petitioner avers that Attorney did not provide all the information needed to make an intelligent decision about pleading not guilty by reason of mental disease or defect. She did not provide a realistic assessment of how long it would take to be transferred from the Whiting Forensic Division of Connecticut Valley Hospital (herein Whiting) to the non-maximum security unit at Dutcher Hall, which is on the campus of CVH. Attorney led Petitioner to believe that it would definitely only take two years before he transferred to Dutcher Hall. Petitioner avers that Attorney did not inform him of the fact that he would have to go before the Psychiatric Security Review Board (herein PSRB) for a review of his progress and that the PSRB could turn down his request for a transfer and as such he could be kept in bed at Whiting for a longer period of time. Petitioner avers that Attorney did not inform him that an acquitee could be recommitted to the PSRB when said acquitee reaches the end of their sentence if the PSRB has any rational basis to recommit.
   Petitioner avers that if Attorney had explained to him of all the ramifications of being placed under the jurisdiction of the PSRB and at Whiting Forensic, he would have pressed Attorney to obtain a better plea bargain offer from state's attorney or in the alternative if a deal could not have been agreed to, he would have told Attorney that he wanted to go to trial and have asked her to make a motion to suppress the statement that he made to the police which he made involuntarily while under the influence of alcohol, drugs and embalming fluid.

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available): *Judicial Court denied*
*the Habeas Petition*

(3) Did you receive a hearing on your motion or petition?          ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Appellate Court of the State of*
*Connecticut  231 Capital Avenue  Hartford, CT 06106*

Docket or case number (if you know): *AC 37020*

Date of the court's decision: *October 6, 2015*

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

_____

_____

**GROUND THREE:**    _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                 ☐   Yes        ☐   No

(4) Did you appeal from the denial of your motion or petition?            ☐   Yes        ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐   Yes   ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 13

13.    Please answer these additional questions about the petition you are filing:

        (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes    ☐   No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

        (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐   Yes   ☒ No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐   Yes   ☒ No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 01/15)

Page 14

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the
        judgment you are challenging:

        (a) At preliminary hearing: Mary M. Haselkamp Public Defender's Office.
        235 Church St New Haven, CT 06510

        (b) At arraignment and plea: _____

        (c) At trial: Mary M. Haselkamp Public Defender's Office
        235 Church ST New Haven, CT 06510

        (d) At sentencing: Mary M. Hasel Kamp Public Defender's office
        235 Church St New Haven, CT 06510

        (e) On appeal: _____

        (f) In any post-conviction proceeding: Justine F. Miller  P.O. Box 3261
        New Haven, CT 06515-0361

        (g) On appeal from any ruling against you in a post-conviction proceeding: Justine F. Miller
        PO Box 3261 New Haven, CT 06515-0361

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?          ☐ Yes      ☒ No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

        _____

        _____

        (b) Give the date the other sentence was imposed: _____

        (c) Give the length of the other sentence: _____

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?               ☐ Yes      ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        The reasons why the statute of limitations as provided
        in 28 U.S.C. §2244(d) does not apply here include, but are
        not limited to the following: To begin the Petitioner never
        understood his rights under the law, in part because of his lack
        of knowledge of the law and also because of his inability to read
        and write. As a result, he did not understand that the law allowed

AO 241
(Rev. 01/15)                                                                                    Page 15

that his not guilty by reason of mental disease or defect could be
appealed. He relied on the information provided to him by Attorney Mary
Haselkamp, who told him that he would definitely be transferred to the
Dutcher Hall non-maximum security unit within two years. As a result
he did not feel that it was necessary to appeal the verdict
against him.

    After his first appearance before the Psychiatric
Security Review Board (herein PSRB), which was two years
after his placement at Whiting, the topic of his transfer to
Dutcher was discussed. Subsequently the PSRB denied his transfer
It was at this time that Petitioner began to realize that he may
be incarcerated for a longer time than his Attorney had led him
to believe. In addition, Petitioner later found out that not only
could he be denied a transfer from Whiting to Dutcher for an extend-
ed period of time, but that his Attorney failed to inform
him that once he completed his sentence under the PSRB he
could be recommitted to the PSRB for any rational reason that
was deemed fit by the PSRB.

    Petitioner did not realize what charges he had pled
to when he used the insanity defense. In fact all of the charges
against him were included when the Court accepted his not
guilty by reason of mental disease or defect plea. Many of these
                                                                    See attached Sheet

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)       A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
          custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

          (A)       the date on which the judgment became final by the conclusion of direct review or the expiration
                    of the time for seeking such review;

          (B)       the date on which the impediment to filing an application created by State action in violation of
                    the Constitution or laws of the United States is removed, if the applicant was prevented from
                    filing by such state action;

          (C)       the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                    if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                    cases on collateral review; or

          (D)       the date on which the factual predicate of the claim or claims presented could have been
                    discovered through the exercise of due diligence.

Petition for Ricardo Ragon
P. 15 A
Question 18 Timliness of Petition

Charges the Petitioner did not agree with and would have
challenged at trial if he knew they were included in the
plea. It was not until 2007 that he realized what he
had pled to. It was at this time that other patients,
who were housed at Whiting Forensic began to tell him what
his charges were. These Patients had been informed by
WFD Staff as to the nature of the charges, which included
First degree sexual assault. It was not until 2007 then
that the Petitioner realized the extent of the charges that he
had pled to and that in fact they were not true. It was
at that point he began to look for a way to overturn
his Not guilty by reason of mental disease or defect Verdict.
    In 2007 with the help of the Connecticut Legal Rights
Project Petitioner filed a habeas petition Pro se.
Subsequent to this filing Petitioner was assigned an
attorney, Justine F. Miller, by the court. Attorney Miller
then represented Petitioner at both his habeas Petition
In the Judicial Court of Middlesex County and before
the Appellate Court of the State of Connecticut. The
total time consumed by these two cases was eight years.
In addition, Petitioner through Attorney Miller filed an
appeal of the decision of the Connecticut Appellate Court in
November of 2015, with the Supreme Court of the State of
Connecticut. Subsequently the Supreme Court did not grant
Certification of the appeal.
    It was at this time that the Petitioner had
exhausted all of the state remedies and was advised
by Attorney Miller that if he wanted to continue to

Petition of Ricardo Bear
P. 15 B
Question 18 Timliness of Petition

(3)

litigate his case he would have to file an appeal
with the United States Federal Court.

To conclude, the Petitioner avers that the Statute
of Limitations 28 U.S.C. § 2244(d) should not apply here because
of his original lack of Knowledge of his rights under the
law after Pleading Not guilty by reason of mental disease
or defect and the time it took to completely exhaust
all remedies available to him under the State of Connecticut
Judicial System.

Petitioner prays that you look favorably upon this request.

AO 241
(Rev. 01/15)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with
        respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
        under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    2 / 22 / 2016  (month, date, year).

Executed (signed) on    2|19|2016    (date).

**WILL BRADY**
Notary Public - The State of Connecticut
NO. 148001
Qualified in Middlesex County
My Commissi⋯ ⋯ ⋯ ⋯ch 31, 20 17

_Ricardo Dugan_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____