```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

RICARDO PAGAN,                   :

    Petitioner,              :

v.                               :     Case No. 3:16-cv-413(RNC)

STATE OF CONNECTICUT,            :

    Respondent.              :

## RULING AND ORDER

    Petitioner brings this action for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his commitment to the custody of the State of Connecticut Psychiatric Security Review Board (PSRB) on the ground that his commitment results from violations of his constitutional rights in the underlying criminal case. The State has moved to dismiss the action based on the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). As petitioner concedes, the one-year period expired in June 2002, and he did not file a state habeas petition until April 2009. Petitioner argues that the delay in filing his state habeas petition is excused by his intellectual disability and illiteracy, which justify equitable tolling of the limitation period from 2001 to 2008. The State responds that petitioner has not satisfied his burden of demonstrating that equitable tolling applies for this entire period. I agree with the State and therefore dismiss the petition as untimely.

    Petitioner was committed to the custody of the PSRB in 2001, after a bench trial in Connecticut Superior Court. The

commitment followed his plea of not guilty, based on lack of capacity due to mental disease or defect, to charges involving sexual assault and risk of injury to a minor.  See Conn. Gen. Stat. § 53a-13 (making lack of capacity due to mental disease or defect an affirmative defense).  Since 2001, petitioner has been confined at Whiting Forensic Institute, except for a relatively brief period when he was incarcerated at a Department of Correction facility following his conviction for an assault at Whiting.

    Equitable tolling provides relief to a habeas petitioner who shows that (1) he diligently pursued his rights and (2) some extraordinary circumstance prevented him from filing a habeas petition.  Holland v. Florida, 560 U.S. 631, 645, 649-52 (2010).  When equitable tolling is sought based on a mental condition, the petitioner "must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so."  Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010).  In keeping with the guidance provided by Bolarinwa, counsel has been appointed for petitioner and an evidentiary hearing has been held to determine whether equitable tolling is warranted.[1]

---

[1] In Bolarinwa, the Court of Appeals remanded to give the petitioner an opportunity to present evidence in support of her claim for equitable tolling based on mental illness.  The claim

2

Petitioner has not sustained his burden of demonstrating the existence of an extraordinary circumstance that severely impaired his ability to file a state habeas petition in a timely manner. Petitioner claims that he was unable to understand the concept of habeas corpus relief or the need to file a state habeas petition until December 2008. This claim is not well supported. Petitioner's competency was evaluated in connection with the underlying criminal case and he was found to be competent at that time. There is no indication the competency evaluation was flawed or petitioner's mental condition subsequently worsened. Moreover, while petitioner's intellectual functioning was assessed to be in the mentally retarded range in 2001, a subsequent evaluation in 2003 rejected that assessment in light of the fluidity of his thinking and the quality of his vocabulary.

Since his commitment in 2001, legal assistance has been available to petitioner at Whiting, and he has appeared before the PSRB every two years for a hearing to determine whether he should be transferred to Dutcher Hall, a less secure facility. On each occasion counsel was assigned to represent him. There is no evidence that petitioner, his counsel or anyone else ever

---

was supported by allegations that the petitioner's psychiatric problems, which had been aggravated by the deaths of her children, father and grandfather, had burdened her efforts to file a habeas petition, and that psychiatric medication and placement in psychiatric units had left her incapacitated.

3

raised a concern in connection with the biennial reviews regarding petitioner's ability to understand his situation legally or factually or communicate with his counsel. In addition, the evidence shows that once petitioner inquired about his legal rights with regard to his commitment, he was able to understand and pursue his rights without apparent difficulty. On this record, petitioner's intellectual disability and illiteracy did not constitute an extraordinary circumstance supporting equitable tolling throughout the period for which tolling is sought.

    Nor has petitioner shown that he exercised reasonable diligence throughout this period. Crediting his submissions, he entered Whiting expecting to be transferred to Dutcher Hall in about two years, in other words, in or about 2003. Though he had access to legal assistance at Whiting at all times, and was represented by counsel in connection with the biennial reviews, he did not inquire about the legality of his commitment until late 2008. Why he waited so long remains unclear. The most likely explanation is that he acquiesced in his confinement at Whiting, hoping for a transfer to Dutcher Hall, until it became apparent to him that a transfer was unlikely, at which point he decided to explore his options. Assuming that is the case, it may have been reasonable for petitioner to accept his fate until the outcome of the biennial review in 2003, or even the outcome

4

of the biennial review in 2005.  But reasonable diligence required him to take steps after the 2005 review to investigate the legality of his confinement.  Because he did not act until late 2008, equitable tolling does not apply.

Accordingly, the action is hereby dismissed as untimely.  The Clerk may enter judgment and close the case.  No certificate of appealability will issue.

So ordered this 21st day of March 2019.

/s/ RNC<br>Robert N. Chatigny<br>United States District Judge